# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **CASCO MANUFACTURING SOLUTIONS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**JAMES B. MOORE**<br><br>and<br><br>**PATIENTECH, LLC,**<br><br>Defendants. | Case No. 1:20-cv-583<br><br>Judge<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY BY DEFENDANT PATIENTECH, LLC** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, under 28 U.S.C. §§ 1332, 1441, and 1446, Defendant PatienTech, LLC ("PatienTech"), with the consent of Defendant James B. Moore, removes this civil action from the Hamilton County Court of Common Pleas, where it is currently pending as Case No. A 2002336, to the United States District Court for the Southern District of Ohio, Western Division.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff CASCO Manufacturing Solutions, Inc., is an Ohio corporation. Defendant PatienTech is a Delaware limited liability company with its principal place of business in the Commonwealth of Kentucky. No member of PatienTech is an Ohio resident. Defendant Moore is a resident of the Commonwealth of Kentucky.

**BACKGROUND**

On June 26, 2020, an action was commenced in the Hamilton County Court of Common Pleas of the State of Ohio, captioned *CASCO Manufacturing Solutions, Inc., v. James B. Moore and PatienTech LLC*, Case No. A 2002336.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants in the action are attached collectively as Exhibit A.

According to the records of the Clerk of Courts for Hamilton County, each Defendant was served with a copy of the summons and complaint on July 2, 2020.

In the complaint, Plaintiff asserts claims against Defendants for breach of contract, usurpation of corporate opportunity, tortious interference with contract, misappropriation of trade secrets, and civil conspiracy.

Defendant PatienTech is informed that Defendant Moore will be filing a joinder in removal, which will consent to the removal of this action to this Court.

**GROUNDS FOR REMOVAL**

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

**I.  THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED**

The amount in controversy is determined from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.  *Smith v. Nationwide Property and Casualty Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007).

Here, the complaint demands "in excess of $25,000.00" from Defendant PatienTech with respect to each of three separate claims—tortious interference, trade secret misappropriation, and civil conspiracy. (Complaint at 10-11.) The complaint also demands "in excess of $25,000.00" from Defendant Moore with respect to each of four separate claims—breach of contract, usurpation of corporate opportunity, trade secret misappropriation, and civil conspiracy. (*Id*.) The complaint also repeatedly demands "punitive damages" from both Defendants, (*id.* ¶¶ 50, 57, 65, 66), as well as attorney fees (*id.* ¶¶ 50, 65, 66.)

As such, the complaint demonstrates that the amount in controversy exceeds $75,000, especially after considering Plaintiff's demands for punitive damages and attorney fees. *See, e.g., Hayes v. Equitable Energy Res. Co*., 266 F.3d 560, 572 (6th Cir. 2001) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered ... unless it is apparent to a legal certainty that such cannot be recovered.") (quoting *Holley Equip. Corp. v. Credit Alliance Corp*., 821 F.2d 1531, 1535 (11th Cir.1987)).

Indeed, in settlement discussions, Plaintiff has demanded $493,000 to settle the claims against Defendants. (John Bennett Decl. ¶ 2.) Settlement letters are relevant evidence of the amount in controversy, and Rule 408 does not preclude their use to establish that the amount-in-controversy requirement has been met. *See, e.g.*, *Finnegan v. Wendy's Int'l, Inc*., No. 2:08-CV-185, 2008 WL 2078068, at *3 (S.D. Ohio May 13, 2008).

Because the amount in controversy exceeds $75,000, removal on the basis of diversity should be allowed under 28 U.S.C. § 1441(b).

**II.     COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND ALL DEFENDANTS**

Plaintiff alleges that it is an "Ohio corporation." (Compl. ¶ 2.) Plaintiff also alleges that Defendant Moore is "an individual who is a resident of the State of Kentucky." (*Id*. ¶ 3.) Plaintiff likewise alleges that Defendant PatienTech is "a Delaware limited liability company." (*Id*. ¶ 5.)

Defendant PatienTech admits that it is a Delaware limited liability company and that its principal place of business is in the Commonwealth of Kentucky. No member of PatienTech is a resident of the State of Ohio. (Robert Golden Decl. ¶ 3.)

As stated above, Defendant Moore will file a joinder in this removal. Title 28, U.S.C. § 1446(b)(2)(A) provides that all served defendants who properly may be joined in the removal notice must join.

**III.    THE OTHER PREREQUISITES FOR REMOVAL ARE SATISFIED**

This notice of removal is timely filed. The relevant statute provides that "[e]ach defendant shall have 30 days after receipt … of the initial pleading … to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). According to the records of the Clerk of Courts for Hamilton County, each Defendant was served with a copy of the summons and complaint on July 2, 2020.

This action is properly removed to the United States District Court for the Southern District of Ohio, Western Division, which is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 115(b)(1) (listing the counties within the Western Division of the Southern District of Ohio).

Title 28 U.S.C. § 1446(a) requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action (Case No. A 2002336) to be included with this notice of removal. Those papers are attached collectively as Exhibit A.

Counsel for Defendant PatienTech hereby certifies that he will file a true and correct copy of this notice of removal with the Clerk of the Common Pleas Court of Hamilton County, Ohio, as required by 28 U.S.C. § 1446, and give notice of same to Plaintiff.

If any question arises as to the propriety of the removal of this action, Defendant PatienTech respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

Dated: July 29, 2020

Respectfully submitted,

/s/ John F. Bennett
John F. Bennett (#0074506)
　　*Trial Attorney*
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
Telephone: (513) 698-5000
Facsimile:  (513) 698-5153
jbennett@ulmer.com

ATTORNEYS FOR DEFENDANT
PATIENTECH, LLC

**CERTIFICATE OF SERVICE**

The foregoing was filed electronically on July 29, 2020. Notice of this filing will be sent by operation of the Court's Electronic Filing System.  Parties may access this filing through the Court's filing system.  All parties not receiving electronic notices from the Court will be served by regular U.S. mail, including:

    Joshua M. Smith, Esq.
    STAGNARO, SABA
    & PATTERSON CO., L.P.A.
    2623 Erie Avenue
    Cincinnati, Ohio 45208
    Counsel for Plaintiff

    John E. Lange IV, Esq.
    LANGE, QUILL & POWERS, PLC
    4 West Fourth Street, Suite 400
    Newport, KY 41071
    Counsel for Defendant James B. Moore

                      /s/ John F. Bennett
                      John F. Bennett (#0074506)