# EXHIBIT A



# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
June 26, 2020 12:39 PM
    AFTAB PUREVAL
   Clerk of Courts
 Hamilton County, Ohio
 CONFIRMATION 958712
```

**CASCO MANUFACTURING SOLUTIONS INC**
**vs.**
**JAMES B MOORE**

A 2002336

## FILING TYPE: WRITTEN REQUEST FOR SERVICE (CERTIFIED MAIL)

## PAGES FILED: 1

EFR200

**EXHIBIT A**

# COURT OF COMMON PLEAS
# HAMILTON COUNTY, OHIO

REQUEST AND INSTRUCTIONS FOR ORDINARY MAIL SERVICE

Casco Manufacturing Solutions, Inc.
_____
**Plaintiff**

**INSTRUCTIONS TO THE CLERK**

-vs-

**CASE NUMBER:** _____

James B. Moore, et al.
_____
**Defendant**

**IF SERVICE OF PROCESS BY CERTIFIED MAIL IS RETURNED BY THE POSTAL AUTHORITIES WITH AN ENDORSEMENT OF "REFUSED" OR "UNCLAIMED" AND IF THE CERTIFICATE OF MAILING CAN BE DEEMED COMPLETE NOT LESS THAN FIVE (5) DAYS BEFORE ANY SCHEDULED HEARING, THE UNDERSIGNED WAIVES NOTICE OF THE FAILURE OF SERVICE BY THE CLERK AND REQUESTS ORDINARY MAIL SERVICE IN ACCORDANCE WITH CIVIL RULE 4.6 (C) OR (D) AND CIVIL RULE 4.6 (E).**

Joshua M. Smith
_____
**ATTORNEY OF RECORD**          **(TYPE OR PRINT)**

6/26/2020
_____
**DATE**

*/s/ Joshua M. Smith*
_____
**ATTORNEY'S SIGNATURE**

**EXHIBIT A**



# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

ELECTRONICALLY FILED
June 26, 2020 12:39 PM
AFTAB PUREVAL
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 958712

**CASCO MANUFACTURING
SOLUTIONS INC
vs.
JAMES B MOORE**

A 2002336

## FILING TYPE: INITIAL FILING (IN COUNTY) WITH JURY DEMAND

## PAGES FILED: 13



VERIFY RECORD

EFR200

EXHIBIT A

## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| **CASCO MANUFACTURING** | : | Case No. _____ |
| **SOLUTIONS, INC.,** | : | |
| 3111 Spring Grove Avenue | : | Judge _____ |
| Cincinnati, Ohio 45225 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **JAMES B. MOORE** | : | **COMPLAINT FOR BREACH OF** |
| 4267 Clarks Run Road | : | **CONTRACT, USURPATION OF** |
| Maysville, Kentucky 41056 | : | **CORPORATE OPPORTUNITY,** |
| | : | **MISAPPROPRIATION OF TRADE** |
| And | : | **SECRETS, and CIVIL CONSPIRACY** |
| | : | |
| **PATIENTECH, LLC** | : | **JURY DEMAND ENDORSED** |
| **c/o ROBERT GOLDEN** | : | **HEREON** |
| 13470 Rosehawk Drive | : | |
| Morning View, Kentucky 41063 | : | |
| | : | |
| Defendants. | : | |

Now comes Plaintiff CASCO Manufacturing Solutions, Inc. ("Casco" or "Plaintiff"), by and through counsel, and for its complaint against Defendants James B. Moore ("Moore") and PatienTech, LLC ("PatienTech") (collectively, "Defendants"), and states as follows:

## NATURE OF THE ACTION

1.      Plaintiff Casco seeks damages for breach of contract, usurpation of corporate opportunities, misappropriation of trade secrets, tortious interference with contract and business relationships, and conspiracy against Moore, a former employee of Casco, and PatienTech, Moore's new employer.

2.      Casco is an Ohio corporation that is engaged in the business of the manufacturing, distribution, and sale of a wide variety of specialty products ranging from specialty and medical

1

**EXHIBIT A**

mattresses and upholstered products, to grill covers and specialty bedding, to military gear and EMT supplies.

3. Upon information and belief, Moore is an individual who is a resident of the State of Kentucky and who was employed by Casco from December 19, 1996 to January 17, 2019.

4. According to its public website, PatienTech, LLC is a diversified sensor technology company which manufactures and markets sensors and sensor-enabled products using its patented smart fabric material.

5. PatienTech is a Delaware limited liability company which, upon information and belief, has business dealings and contacts in Ohio and Kentucky.

6. This Court possesses subject matter jurisdiction because the amount in controversy exceeds the minimum jurisdictional threshold for this Court. Personal jurisdiction exists and venue is appropriate in this Court because all or part of the claim for relief arose in this county and Moore was employed by Casco in this county.

## FACTUAL ALLEGATIONS

7. From approximately December 19, 1996 through January 17, 2019, Defendant Moore held the position of Director of Operations with Casco.

8. At the time that Moore began his employment with Casco, he executed a Non-Competition, Non-Disclosure and Non-Solicitation Agreement (the "Non-Compete Agreement") with Casco. A copy of the Non-Compete Agreement is attached as **Exhibit A**. Moore was hired effective December 19, 1996.

9. As part of the Non-Compete Agreement, Moore agreed to and acknowledged the existence of Casco's Trade Secrets, including its customer lists, supplier lists, special methods of doing business and other processes, formula, patterns, devices and compilations of information which

2

**EXHIBIT A**

are used by Casco and which give Casco an advantage over competitors who do not have access to such lists, methods, processes, formula, patterns, devices and compilations.

10.     Moore also acknowledged in the Non-Compete Agreement that Casco has a legitimate right and business need to protect its Trade Secrets, and that keeping Casco's Trade Secrets confidential is essential to the growth and stability of Casco.

11.     Paragraph 5 of the Non-Compete Agreement provides that "Employee shall keep all of Employer's Trade Secrets in strict confidence and shall not directly or indirectly reveal or disclose to any third party nor make use of for his own benefit, all or any potion of Employer's Trade Secrets. The restrictions set forth in this paragraph 5 shall apply during the period of Employee's employment with Employer and for a period of four (4) years following the termination of said employment, whether voluntary or involuntary."

12.     Paragraph 6 of the Non-Compete Agreement provides that, "[d]uring the period of his employment with Employer and for a period of twelve (12) months following the termination of Employee's employment with Employer, whether voluntary or involuntary, Employee shall not directly or indirectly compete with Employer, nor shall Employee engage or participate in any business activities or be associated with any business (whether as a proprietor, owner, partner, joint venture, employer, employee, manager, agent, consultant, officer, director or in any other capacity) which is competitive in any substantial respect with the business of Employer."

13.     The restrictions set forth in Paragraph 6 apply to "the geographical area located with a seventy-five (75) mile radius of Fountain Square in downtown Cincinnati, Ohio."

14.     During the over 20 years that Moore was employed by Casco, Moore was trained on, and had access to, Casco's Trade Secrets and other confidential information, including, but not limited

**EXHIBIT A**

to, Casco's customer lists, supplier lists, special methods of doing business and other processes, formulas, patterns, devices, and compilations of information.

15.     Casco incurred extensive time, effort, and expense in creating, acquiring and maintaining its Trade Secrets and has a legitimate business interest in protecting its confidential and Trade Secret information from disclosure.

16.     Moore notified Casco in 2018 that he intended to retire from Casco on January 17, 2019.

17.     In the approximately twelve (12) months prior to Moore's purported retirement from Casco, Moore had significant and extensive contact with PatienTech and its current CEO, Robert Golden.

18.     Mr. Golden reached out to Casco in an effort to enter into a business venture for the manufacturing and sale of mattress bladders for PatienTech's products, in particular certain smartbeds which PatienTech intended to produce for sale.

19.     On behalf of Casco and in his position as the Director of Operations, Moore communicated extensively with Mr. Golden regarding Casco's ability to manufacture the smartbed bladders, including providing Mr. Golden with the processes in which Casco would manufacture the bladders, the equipment necessary to perform the manufacturing, and the approximate cost per bladder.

20.     On January 4, 2019, Moore communicated an offer to PatienTech for the production of the smartbed bladders, including the purchase of necessary equipment, cost for production of each bladder, quotes for tooling related to bladder production, and amounts required to begin production.

21.     Mr. Golden responded that same day, indicating that the parties were "certainly closer to the ball park," and that he would "run this past our guys and see what they think."

4

**EXHIBIT A**

22.     Moore and Mr. Golden had further communications with follow-up questions, and the negotiations were leading toward an agreement between the parties.

23.     On January 17, 2019, the same day as Moore's purported retirement, Mr. Golden e-mailed Moore the following:

> Hi Jim,
>
> This is helpful.
>
> Thanks!
>
> We have to work the numbers on our side and make a decision.
>
> Do you have any info on lead times after we give the OK?
> I assume it would take some weeks before the machine was installed and ready to go.
>
> We will also have to draft a purchase agreement for the machine and a supply agreement embodying the terms we've discussed.

24.  Moore responded that same day, informing Mr. Golden that he was retiring from Casco.

25.  In response, Mr. Golden inquired to Moore as to whether he would be available for "consulting gigs" and asked that Moore call him and "fill me in on your plans. [T]ext if you don't get through."

26.  Upon information and belief, in or about the Spring or Summer of 2019, Moore became employed as a consultant for PatienTech, LLC, and began taking steps to divert the corporate opportunity for the manufacturing of PatienTech's smartbed bladders from Casco to himself.

27.  This diversion involved Moore taking steps to open and run a manufacturing facility in Maysville, Kentucky, within a 75 mile radius of downtown Cincinnati, in order to produce

EXHIBIT A

the smartbed bladders under an arrangement similar to that which Casco proposed to PatienTech.

28. Maysville, Kentucky is approximately 66 miles from Fountain Square in downtown Cincinnati, well within the geographic restrictions set forth in the Non-Compete Agreement.

29. Upon information and belief, PatienTech hired and continued to employ Moore with knowledge of Moore's statutory and contractual obligations to Casco as set forth in the Non-Compete Agreement.

30. Upon information and belief, Moore disclosed Casco's confidential Trade Secrets and other valuable business information to PatienTech in violation of the Non-Compete Agreement and Ohio law.

31. Upon information and belief, PatienTech and Moore misappropriated Casco's Trade Secrets in violation of Ohio law.

32. Moore usurped a corporate opportunity which was rightfully owed to Casco, in violation of his fiduciary duties to Casco as its Director of Operations.

33. Upon information and belief, PatienTech employed Moore to engage in competition or attempted competition with Casco for the production of smartbed bladders, within the covered geographic area.

## COUNT I – BREACH OF CONTRACT

34. Casco incorporates the allegations of the preceding paragraphs as if fully set forth herein.

35. Moore entered into the Non-Compete Agreement with Casco.

36. Casco fully complied with the terms of the Non-Compete Agreement.

EXHIBIT A

37. As a result of: i) Moore's use and/or disclosure of Casco's Trade Secrets to PatienTech; and ii) engagement and participation in business activities which are competitive in substantial respects to the business of Casco, Moore has breached his Non-Compete Agreement with Casco.

38. As a direct and proximate result of Moore's breach, Casco has been damaged in an amount to be determined at trial, but in excess of $25,000.00.

## COUNT II – USURPATION OF CORPORATE OPPORTUNITY

39. Casco incorporates the allegations of the preceding paragraphs as if fully set forth herein.

40. As Casco's Director of Operations, Moore owed a fiduciary obligation to Casco.

41. As the Director of Operations, Moore acquired knowledge and information of a business opportunity with PatienTech, in the line of Casco's business.

42. Such opportunity was advantageous to Casco and Casco was financially able to accept the opportunity and make the advantageous acquisition with PatienTech.

43. Moore misappropriated the business opportunity with PatienTech for himself, in violation of his fiduciary obligations to Casco.

44. As a direct and proximate result of Moore's actions, Casco has been damaged in an amount to be determined at trial, but in excess of $25,000.00.

## COUNT III – TORTIOUS INTERFERENCE WITH CONTRACT

45. Casco incorporates the allegations of the preceding paragraphs as if fully set forth herein.

46. Casco and Moore are parties to the Non-Compete Agreement.

47. Defendant PatienTech had knowledge of the Non-Compete Agreement between Casco and Moore.

7

EXHIBIT A

48. PatienTech continued to employ Moore and utilize Casco's Trade Secrets with knowledge that such employment and use was in breach of the Non-Compete Agreement with Casco and in contravention of Ohio law.

49. As a direct result of PatienTech's tortious interference, Casco has been damaged in an amount to be determined at trial, but in excess of $25,000.00.

50. PatienTech's actions were willful and malicious, entitling Casco to an award of punitive or exemplary damages, plus attorney's fees, costs, and expenses as provided for in O.R.C. §2315.21.

## COUNT IV – MISAPPROPRIATION OF TRADE SECRETS

51. Casco incorporates the allegations of the preceding paragraphs as if fully set forth herein.

52. During his employment with Casco, Moore has access to and acquired Casco's Trade Secrets, including but not limited to customer lists, supplier lists, special methods of doing business and other processes, formula, patterns, devices and compilations of information which are used by Casco and which give Casco an advantage over competitors who do not have access to such lists, methods, processes, formula, patterns, devices and compilations.

53. This information constitutes trade secrets under the Ohio Uniform Trade Secrets Act, Sections 1333.61 through 1333.69 of the Ohio Revised Code.

54. Casco's Trade Secrets derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from their disclosure or use.

55. Casco has taken and continues to take, reasonable efforts to maintain the secrecy of its Trade Secrets.

EXHIBIT A

56. Upon information and belief, Moore and PatienTech have willfully and maliciously misappropriated Casco's Trade Secrets.

57. Pursuant to O.R.C. § 1333.63(B), Casco is entitled to an award of punitive or exemplary damages in an amount not exceeding three times Casco's compensatory damages.

58. Moore's use of Casco's Trade Secrets outside the terms of his employment and his disclosure to PatienTech constitute a misappropriation of Casco's Trade Secrets as set forth in O.R.C. § 1333.61(B).

59. Pursuant to the Non-Compete Agreement and statutory and common law, Defendants have a duty to maintain the secrecy of Casco's Trade Secrets.

60. As a direct and proximate result of Defendants' misappropriation, Casco has been damaged in an amount to be determined at trial, but in excess of $25,000.00.

## COUNT V – CIVIL CONSPIRACY

61. Casco incorporates the allegations of the preceding paragraphs as if fully set forth herein.

62. Upon information and belief, and as outlined herein, Moore and PatienTech conspired and acted in concert and participation with one another to willfully and maliciously: breach Moore's Non-Compete Agreement with Casco, misappropriate Casco's Trade Secrets and confidential information, and to usurp Casco's corporate opportunity with PatienTech.

63. As a direct and proximate result of the civil conspiracy, Casco has been damaged in an amount to be determined at trial, but in excess of $25,000.00.

64. As a direct and proximate result of the conspiracy to breach the Non-Compete Agreement, the Defendants are jointly liable for all contractual damages suffered by Casco.

9

EXHIBIT A

65. Defendants' conduct was willful and malicious. As a result, Casco is entitled to punitive or exemplary damages, plus attorney's fees, costs, and expenses as provided for in O.R.C. §2315.21.

66. As a result of the conspiracy, Defendants are jointly and severally liable for all claims raised, including all claims for punitive damages and attorneys' fees.

## RELIEF REQUESTED

WHEREFORE, Plaintiff CASCO Manufacturing Solutions, Inc. prays for monetary relief and judgment against Defendants James Moore and PatienTech, LLC, in the following manner:

A. As to Count One, an award of compensatory damages in favor of Casco and against Moore in an amount to be determined at trial, but in excess of $25,000.00.

B. As to Count Two, an award of compensatory damages in favor of Casco and against Moore in an amount to be determined at trial, in excess of $25,000.00.

C. As to Count Three, an award of compensatory damages in favor of Casco and against PatienTech in an amount to be determined at trial, but in excess of $25,000.00, plus punitive or exemplary damages and attorney's fees for PatienTech's willful and malicious conduct.

D. As to Count Four, an award of compensatory damages in favor of Casco and against Moore and PatienTech in an amount to be determined at trial, but in excess of $25,000.00, plus an award of punitive or exemplary damages in an amount not exceeding three times Casco's compensatory damages pursuant to O.R.C. §1333.63(B).

E. As to Count Five, an award of compensatory damages in favor of Casco and against Moore and PatienTech in an amount to be determined at trial, but in excess of

10

EXHIBIT A

$25,000.00, plus an award of punitive or exemplary damages and attorney's fees for Defendants' willful and malicious conduct.

F. All other legal or equitable relief that the Court deems warranted, including damages, injunctive relief, disgorgement of all profits, punitive damages, prejudgment and post-judgment interest, and attorney's fees and costs of this action.

Respectfully submitted,

/s/ Joshua M. Smith
Joshua M. Smith (0092360)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-6715
(513) 533-2711 (fax)
jms@sspfirm.com
**Attorney for Plaintiff**

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a jury on all issues triable to a jury.

Respectfully submitted,

/s/ Joshua M. Smith
Joshua M. Smith (0092360)

## PRAECIPE TO CLERK

Please serve the named Defendants by certified mail, return receipt requested, at the above-listed addresses. If service of process by certified mail is returned by the postal authorities with an endorsement of "refused" or "unclaimed" and if the certificate of mailing can be deemed complete not less than five (5) days before any scheduled hearing, the undersigned waives notice of the failure of service by the clerk and requests ordinary mail service in accordance with Civil Rule 4.6(C) or (D) and Civil rule 4.6(E).

/s/ Joshua M. Smith
Joshua M. Smith (0092360)

11

**EXHIBIT A**

# NON—COMPETITION, NON—DISCLOSURE AND NON—SOLICITATION AGREEMENT

This Agreement is made this 19 day of Dec. , 19 96 by and between Casco Products, Inc., an Ohio corporation ("Employer") and James Moore Jr ("Employee").

In consideration of Employer hiring Employee and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1.  **Inducement**.  Employee acknowledges that the covenants and restrictions contained in this Agreement are a material inducement for the employment and/or the continued employment of Employee.

2.  **At-will Employment**.  Employer hereby employs and/or continues to employ Employee on an at-will basis.

3.  **Trade Secrets**.  As an employee of Employer, Employee may gain or has gained access to the customer lists, supplier lists, special methods of doing business and other processes, formula, patterns, devices and compilations of information which are used by Employer and which give Employer an advantage over competitors who do not have access to such lists, methods, processes, formula, patterns, devices and compilations (hereinafter collectively referred to as "Trade Secrets").

4.  **Rights and Needs of Employer**.  Employee hereby acknowledges that Employer has a legitimate right and business need to protect its Trade Secrets.  Employee acknowledges that keeping Employer's Trade Secrets confidential is essential to the growth and stability of Employer.

5.  **Non-disclosure of Trade Secrets**.  Employee shall keep all of Employer's Trade Secrets in strict confidence and shall not directly or indirectly reveal or disclose to any third party nor make use of for his own benefit, all or any portion of Employer's Trade Secrets.  The restrictions set forth in this paragraph 5 shall apply during the period of Employee's employment with Employer and for a period of four (4) years following the termination of said employment, whether voluntary or involuntary.

6.  **Non-competition**.  During the period of his employment with Employer and for a period of twelve (12) months following the termination of Employee's employment with Employer, whether voluntary or involuntary, Employee shall not directly or indirectly compete with Employer, nor shall Employee engage or participate in any business activities or be associated with any business (whether as a proprietor, owner, partner, joint venturer, employer, employee, manager, agent, consultant, officer, director or in any other capacity) which is competitive in any substantial respect with the business of Employer.  The restrictions set forth in this paragraph 6 shall apply to the geographical area located with a seventy-five (75) mile radius of Fountain Square in downtown Cincinnati, Ohio.

7.  **Non-solicitation**.  Employee acknowledges that those employees now or hereafter employed by Employer are an integral part of Employer's business and that it is extremely important for Employer not to lose such employees.  Therefore, during the period of his employment with Employer and for a period

EXHIBIT A

of four (4) years following the termination of his employment with Employer, whether voluntary or involuntary, Employee shall not directly or indirectly solicit, hire, engage or attempt to solicit, hire or engage any individual who is an employee of Employer at any time during such period.

8. **Employee Acknowledgements**. Employee acknowledges that:

   a.      Employer's Trade Secrets are a valuable, special and unique asset belonging exclusively to Employer;

   b.      The provisions set forth in this Agreement have been specifically tailored to protect Employer's legitimate business interests and needs with the least possible degree of imposition upon Employee; and

   c.      The provisions set forth in this Agreement are reasonable in scope and content.

9.   **Injunctive Relief**. Employee hereby acknowledges that the remedy at law for any breach or threatened breach of the provisions set forth in this Agreement may be inadequate and that Employer shall be entitled to injunctive relief and/or restraining orders as well as any other remedy available at law or in equity.

10.   **Invalid Provisions**. If any term or condition of this Agreement shall be declared invalid, illegal or unenforceable, the same shall not affect the validity, legality or enforceability of any other term or condition contained herein. To this end, the provisions of this Agreement are hereby declared to be severable. In the event any territorial, time or other limitation is found to be unreasonable by a Court of competent jurisdiction, Employee agrees and submits to the reduction of said territorial, time or other limitation to such an area, time or other limitation or otherwise as the Court may determine to be reasonable.

11.   **Controlling Law**. This Agreement is executed in the State of Ohio and shall be interpreted and construed in accordance with the laws of the State of Ohio.

**IN WITNESS WHEREOF**, the parties have executed this Agreement on the date first set forth above.

EMPLOYEE:

_James B. Moore_

EMPLOYER:

CASCO PRODUCTS, INC.

By:

2

**EXHIBIT A**



# AFTAB PUREVAL
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

ELECTRONICALLY FILED
June 26, 2020 12:39 PM
AFTAB PUREVAL
Clerk of Courts
Hamilton County, Ohio
CONFIRMATION 958712

**CASCO MANUFACTURING SOLUTIONS INC**
**vs.**
**JAMES B MOORE**

A 2002336

## FILING TYPE: CLASSIFICATION
## PAGES FILED: 1

EFR200

**EXHIBIT A**



| COURT OF COMMON PLEAS<br>HAMILTON COUNTY, OHIO | CLASSIFICATION FORM<br><br>WWW.COURTCLERK.ORG | AFTAB PUREVAL<br>CLERK OF COURTS |
|---|---|---|

CASE NUMBER:_____ PLAINTIFF:_____

PURSUANT TO SUPERINTENDENCE RULE 4, THIS CASE WAS ORIGINALLY FILED AND DISMISSED

UNDER CASE NUMBER:_____BY JUDGE _____

## PLEASE INDICATE CLASSIFICATION INTO WHICH THIS CASE FALLS  (please only check one):

[   ] Other Tort – C360
   ] Personal Injury – C310
   ] Wrongful Death – C320
   ] Vehicle Accident –        C370

[   ] Professional Tort – A300
   ] Personal Injury – A310
   ] Wrongful Death – A320
   ] Legal Malpractice – A330
   ] Medical Malpractice – A340

[   ] Product Liability – B350
   ] Personal Injury – B310
   ] Wrongful Death – B320

  ] Worker's Compensation
     Non-Compliant Employer – D410
  ~ Appeal – D420

  ] Administrative Appeals – F600
     Appeal Civil Service – F610
  ~ Appeal Motor Vehicle – F620
  ~ Appeal Unemployment – F630
  ~ Appeal Liquor – F640
     Appeal Taxes – F650
     Appeal Zoning – F660

[   ] Certificate of Qualification – H600

[   ] Other Civil – H700-34
   ] Appropriation – H710
   ] Accounting – H720
   ] Beyond Jurisdiction –730
   ] Breach of Contract – 740
   ] Cancel Land Contract – 750
   ] Change of Venue – H760
   ] Class Action – H770
   ] Convey Declared Void – H780
   ] Declaratory Judgment – H790
   ] Discharge Mechanics Lien – H800
   ] Dissolve Partnership – H810
   ] CONSUMER SALES ACT (1345 ORC) – H820
   ] Check here if relief includes declaratory
     judgment, injunction or class action
     recovery – H825
   ] Habeas Corpus – H830
   ] Injunction – H840
   ] Mandamus – H850
   ] On Account – H860
   ] Partition – H870
   ] Quiet Title – H880
   ] Replevin – H890
   ] Sale of Real Estate – H900
   ] Specific Performance – 910
   ] Restraining Order – H920
   ] Testimony – H930-21
   ] Environmental – H940
   ] Cognovit – H950
   ] Menacing by Stalking – H960
       ] Repo Title – Transfer of Title Only – 970
       ] Repo Title – With Money Claim – H980
   ] Injunction Sexual Predator – 990
   ] SB 10 – Termination – H690
   ] SB 10 – Reclassification – H697

DATE:_____    ATTORNEY (PRINT): _____

 OHIO SUPREME COURT NUMBER: _____

Revised 01/02/2017

EXHIBIT A

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO


CASCO MANUFACTURING SOLUTIONS
    **PLAINTIFF**

                                             Use below number on
                                             all future pleadings

      -- vs --

                                     No.  A 2002336
                                          SUMMONS

JAMES B MOORE
    **DEFENDANT**


      JAMES B MOORE
      4267 CLARKS RUN ROAD                  D - 1
      MAYSVILLE KY 41056


You are notified
that you have been named Defendant(s) in a complaint filed by

      CASCO MANUFACTURING SOLUTIONS
      3111 SPRING GROVE AVENUE
      CINCINNATI OH 45225

                                                 Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**AFTAB PUREVAL, 1000 MAIN STREET   ROOM 315,
CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.


Name and Address of attorney           AFTAB PUREVAL
JOSHUA M SMITH                         Clerk, Court of Common Pleas
2623 ERIE AVENUE                        Hamilton County, Ohio
CINCINNATI         OH       45208


                                    By  RICK HOFMANN
                                             Deputy


                           Date:   June 30, 2020



D129186983



VERIFY RECORD


**EXHIBIT A**

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO


CASCO MANUFACTURING SOLUTIONS
    **PLAINTIFF**

          Use below number on
          all future pleadings

    -- vs --

          No.  A 2002336
              SUMMONS

JAMES B MOORE
    **DEFENDANT**


    PATIENTECH LLC
    CO ROBERT GOLDEN          D - 2
    13470 ROSEHAWK DRIVE
    MORNING VIEW KY 41063


You are notified
that you have been named Defendant(s) in a complaint filed by

    CASCO MANUFACTURING SOLUTIONS
    3111 SPRING GROVE AVENUE
    CINCINNATI OH 45225

                  Plaintiff(s)

in the Hamilton County, COMMON PLEAS CIVIL Division,
**AFTAB PUREVAL, 1000 MAIN STREET   ROOM 315,
CINCINNATI, OH 45202.**
You are hereby summoned and required to serve upon the plaintiff's
attorney, or upon the plaintiff, if he/she has no attorney of record, a
copy of an answer to the complaint within twenty-eight (28) days after
service of this summons on you, exclusive of the day of service. Your
answer must be filed with the Court within three (3) days after the
service of a copy of the answer on the plaintiff's attorney.

Further, pursuant to Local Rule 10 of Hamilton County, you are also required to
file a Notification Form to receive notice of all future hearings.

If you fail to appear and defend, judgement by default will be rendered
against you for the relief demanded in the attached complaint.


Name and Address of attorney      AFTAB PUREVAL
JOSHUA M SMITH               Clerk, Court of Common Pleas
2623 ERIE AVENUE              Hamilton County, Ohio
CINCINNATI       OH     45208

               By  RICK HOFMANN
                       Deputy

               Date:  June 30, 2020



D129187014



VERIFY RECORD

**EXHIBIT A**



Date Produced: 07/06/2020

HAMILTON COUNTY CLERK OF COURTS:

The following is the delivery information for Certified Mail™ item number 7194 5168 6310 0922 1964.
Our records indicate that this item was delivered on 07/02/2020 at 01:18 p.m. in MORNING VIEW, KY
41063. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance,
please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal
Service. It is solely for customer use.

Customer Reference Number:        15642334SEQ1

EXHIBIT A



**UNITED STATES**
**POSTAL SERVICE**™

ELECTRONIC CERTIFIED MAIL SERVICE RETURN
SUMMONS & COMPLAINT
A 2002336    D1
JAMES B MOORE
FILED: 07/06/2020  7:01:39

Date Produced: 07/06/2020

HAMILTON COUNTY CLERK OF COURTS:

The following is the delivery information for Certified Mail™ item number 7194 5168 6310 0922 1957. Our records indicate that this item was delivered on 07/02/2020 at 12:46 p.m. in MAYSVILLE, KY 41056. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:        15642326SEQ1

EXHIBIT A



**Aftab Pureval, Clerk of Courts**
**Court of Common Pleas, Hamilton County, Ohio**
www.courtclerk.org

# NOTIFICATION FORM

## CASE INFORMATION

Date: 7/24/2020

Case No.: A 2002336

Caption: CASCO MANUFACTURING SOLUTIONS, INC.  vs  JAMES B. MOORE

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ATTORNEY INFORMATION

Attorney Name: JOHN E. LANGE IV

Attorney Address: LANGE, QUILL & POWERS, PLC
**Firm**
4 WEST FOURTH STREET, STE. 400
**Street Number**
NEWPORT, KY. 41071
**City, State, Zip**
859-491-1500
**Phone Number**
859-491-2128
**Fax Number**
lange4@lqplaw.com
**E-Mail Address**

Ohio Attorney Supreme Court No.: 78933

☐ **Address Change Only**

☐ **Request Case Notification / Not a Party Defendant**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COURT PARTY INFORMATION

Name of Client: JAMES B. MOORE          ☐ Plaintiff  ■ Defendant

Name of Client: _____          ☐ Plaintiff  ☐ Defendant

Name of Client: _____          ☐ Plaintiff  ☐ Defendant

Name of Client: _____          ☐ Plaintiff  ☐ Defendant

Name of Client: _____          ☐ Plaintiff  ☐ Defendant

Substituted for: _____ (if applicable)

Rev. 08/03/2017

**EXHIBIT A**